# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONICA LEE,<br><br>      Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP., et al.,<br><br>      Defendants. | 2:11-CV-1583 JCM (PAL) |

### ORDER

Presently before the court is defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BofA"), MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), Federal National Mortgage Association ("FNMA"), and ReconTrust Company, N.A.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #5). Plaintiff, appearing pro se, has filed an opposition (doc. #9), to which defendants have not responded.

### Background

The facts, as alleged in the complaint, establish that on or about August 30, 2005, plaintiff secured a loan to purchase property located at 9168 Wine Cellar Avenue, Las Vegas, NV 89148. Compl. ¶ 2. The loan was secured by a first deed of trust on the property. *Id.* The basic premise of plaintiff's lawsuit is that the note and deed of trust were separated from one another and thus the loan was no longer secured by the deed of trust. *See id.* ¶ 3; Pl.'s Opp. at 2:8-9.

**James C. Mahan**
**U.S. District Judge**

The court has taken judicial notice of the public documents filed as exhibits to defendants' motion to dismiss. These documents shed additional light on the facts of this case. For example, the deed of trust was recorded on September 8, 2005 and CTC Real Estate Services was designated as the trustee. *See* Defs.' Mot. to Dismiss, Ex. A. Defendant ReconTrust was later substituted as trustee. *Id.*, Ex. B. On November 12, 2009, defendant MERS assigned the deed of trust to BofA, and recorded the assignment on November 30, 2009. *See id.*, Ex. C. The deed of trust lists MERS as the beneficiary and nominee of the lender and the lender's assigns. *Id.*, Ex. A. The deed of trust enables the lender to appoint a substitute trustee under the deed of trust and permit the lender to foreclose on the property if the borrower defaults. *Id.*

Plaintiff defaulted on her loan February 1, 2009. ReconTrust, as agent for the beneficiary, MERS, recorded a notice of default and election to sell approximately one month later. *See id.*, Ex. D. One month after that, ReconTrust recorded a notice of sale. *Id.*, Ex. E. A second notice of sale was recorded on February 16, 2011. *Id.*, Ex. F. The property was then sold to defendant FNMA. *Id.*, Ex. G.

Six months after the property was sold, and nearly six years after executing the loan documents, plaintiff filed suit alleging fifteen separate causes of action. The complaint alleged: (1) violations of the unfair lending practices statute, NRS § 598D; (2) deceptive trade practices; (3) conversion; (4) conspiracy to engage in conversion related to the MERS system; (5) inspection and accounting; (6) unjust enrichment; (7) breach of the implied covenant of good faith and fair dealing; (8) injunctive relief; (9) declaratory relief; (10) violations of the Fair Housing Act, 42 U.S.C. § 3601; (11) forcible entry; (12) forcible detainer; (13) wrongful ejectment; (14) wrongful occupancy of land; and (15) trespass.[1]

---

[1] The eighth (injunctive relief), and ninth (declaratory relief) thirteenth (wrongful ejectment) and fourteenth (wrongful occupancy) causes of action are not recognized as causes of action in Nevada. Injunctive relief and declaratory relief are remedies, not claims. Further, this court has found no case or statutory law discussing wrongful ejectment or wrongful occupancy. Accordingly, these "causes of action" are dismissed.

James C. Mahan
U.S. District Judge

- 2 -

**Discussion**

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

1. First Cause of Action: Violation of NRS § 598D

Pursuant to the version of the unfair lending practices statute in effect at the time of this loan, it was an unfair lending practice to approve a loan without considering a borrower's ability to repay. The statute of limitations for claims alleging a violation of the unfair lending practices act is three years. *See* NRS § 11.190(3)(a) (creating a three-year statutory period for claims premised on a violation of a statute).

Plaintiff signed the loan documents at issue in August of 2005.  Plaintiff should have been aware at the time of origination whether or not she provided documentation regarding her ability to repay the loan.  Plaintiff does not contend that she was unaware of the facts giving rise to her § 598D claim at the time she consummated the loan transaction.  Accordingly, this cause of action accrued in 2005, when the loan was finalized.  Therefore, the claim for unfair lending practices is time barred.

2. Second Cause of Action: Deceptive Trade Practices

Plaintiff's second cause of action alleges deceptive trade practices pursuant to NRS §§

**James C. Mahan
U.S. District Judge**

- 3 -

598.0915 and 598.0923.  Compl. ¶ 40.

Subsection 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice.  Here, plaintiff alleges that "the defendants did not furnish plaintiff the correct [n]otice of [s]ervicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)."  Compl. ¶ 43. This claim is barred by the applicable statute of limitations for a claim under the Deceptive Trade Practices Act, which is four years.  NRS 11.190(2)(d).  Again, plaintiff's claim arises from the origination of the loan in August of 2005, and the instant action was filed in 2011, more than four years later.

Subsection 598.0923 does not apply to this case: (1) plaintiff has not alleged, under subsection one, that any defendant has been conducting its business without a required license; (2) subsections two and three apply to the sale or lease of goods or services; (3) plaintiff has not alleged that any defendant, under subsection four, has used coercion, duress or intimidation in a transaction; and (4) no defendant was the seller in a land sale installment contract under subsection five.

Moreover, many courts have recognized that the Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [ N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure").

Accordingly, plaintiff's second cause of action is dismissed.

3.   Third Cause of Action: Conversion; Fourth Cause of Action: Conspiracy

To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001).

Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, plaintiff makes conclusory allegations of fraud and fails to individualize the defendants' conduct. For example, plaintiff alleges that defendants "did willfully and knowing[ly] conspire and agree among themselves to engage in a conspiracy to promote, encourage, facilitate and actively engage in fraudulent and predatory lending practices." Compl. ¶ 62. The complaint alleges that MERS was created as a fraudulent venture to take advantage of unwitting borrowers and that the defendants "acted as creators for the conspiracy." Compl. ¶ 70-71. Such general and vague allegations are not sufficient to meet the heightened pleading standard of Rule 9(b). Accordingly, the third and fourth causes of action are dismissed as to all defendants.

  5.  Fifth Cause of Action: Inspection and Accounting

An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells Fargo*, 2010 WL 4102943 (D. Nev. 2010). Absent special circumstances, no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiff alleges that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan transaction, the defendants were paid excessive interest and fees . . . Therefore proper discovery and accounting will reveal the 'true realized' status of the account as stated." Compl. ¶ 78. However, plaintiff has failed to allege any special circumstances that would create the requisite fiduciary relationship between her, the borrower, and one or more defendants, as a lender. *See McCurdy*, 2010 WL 4102943 (dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust). Accordingly, the fifth cause of action is dismissed as to all defendants.

  6.  Sixth Cause of Action: Unjust Enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."

James C. Mahan
U.S. District Judge

- 5 -

*Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

Plaintiff's complaint admits that she entered into an express contract when she executed the deed of trust and note. Compl. ¶ 2. Accordingly, her cause of action for unjust enrichment must fail.

       7.      Seventh Cause of Action: Implied Covenant of Good Faith and Fair Dealing

To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege: (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good faith to the plaintiff; (3) the defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994). The covenant of good faith and fair dealing "only applies after a binding contract is formed." *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

Plaintiff alleges that defendants breached the duty in two ways. First, plaintiff contends that by failing to pay equal consideration to plaintiff's financial interests, the defendants acted in bad faith. Second, plaintiff posits that defendants refused to negotiate with plaintiff in good faith after plaintiff requested payment assistance under the Home Affordable Modification Program ("HAMP").

Plaintiff's first contention must fail because it is established that lenders owe no fiduciary obligations to borrowers absent exceptional circumstances. *See Kwok v. CR Title Co., et. al.*, Case No. 2:09-cv-2298, slip op. at 5 (D. Nev. June 23, 2010) (Hunt, J.). No exceptional circumstances or special relationship was alleged here.

James C. Mahan
U.S. District Judge

- 6 -

1    Plaintiff's second allegation regarding the covenant of good faith and fair dealing alleges that
2    the defendants failed to meet their obligations under the federal HAMP program, and that the failure
3    constitutes a breach of the covenant of good faith and fair dealing. Compl. ¶ 95. However, even if
4    the plaintiff has a private right of action under HAMP, plaintiff has failed to allege any conduct by
5    the defendants which deliberately contravened the intention and spirit of any agreement between
6    them. In fact, none of plaintiff's allegations stem from the loan agreement between the parties at all;
7    plaintiff's claim is more properly a statutory cause of action. Accordingly, claim seven is dismissed
8    as to all defendants.

        8.    Tenth Cause of Action: Fair Housing Act

10   The Fair Housing Act prohibits discrimination in making housing loans based on the "race,
11   color, religion, sex, handicap, familial status, or national origin" of the applicant. *See* 42 U.S.C. §
12   3605(a) and (b)(1). To assert a claim under the Fair Housing Act, plaintiff must establish: (1) that
13   she is a member of a protected class; (2) that she applied for and was qualified for a loan; (3) that
14   the loan was given on grossly unfavorable terms; and (4) that the lender continues to provide loans
15   to other applicants with similar qualifications, but on significantly more favorable terms. *Munoz v.*
16   *Int'l Home Capital Corp.*, Case No. 03-1099 RS, 2008 WL 3086907, *4 (N.D. Cal. May 4, 2004).

17   Plaintiff's complaint does not address the majority of these factors. Plaintiff asserts that she
18   speaks poor English. Assuming, without deciding, that this satisfies the first element by establishing
19   that she is the member of a protected class, she still has not alleged that she was qualified for a better
20   loan or that English speakers receive more favorable terms in their loans. Accordingly, this claim
21   too must fail.

        9.    Eleventh Cause of Action: Forcible Entry

23   Forcible entry is defined as entering upon or into real property by "breaking open doors,
24   windows or other parts of a house, or by fraud, intimidation or stealth, or by any kind of violence or
25   circumstance of terror. . ." NRS § 40.230.

26   Plaintiff alleges that while she was away on business defendants "forcibly entered the
27   property, unlawfully and without due process and warning changed locks to access the subject

**James C. Mahan**
**U.S. District Judge**

- 7 -

1   property." Compl. ¶ 135.

2   Defendants contend that plaintiff fails to assert a cause of action for forcible entry because
3   she "alleges no facts to support her claim that defendants used force or violence to enter the property,
4   or that they engaged in any other action that could possibly sustain a claim for forcible entry." Def.'s
5   Mot. 21:2-4. Further, citing *Bonner v. Specialized Loan Servicing, LLC*, 2011 WL 1199998, *3 (D.
6   Nev. 2011), defendants assert that plaintiff implicitly authorized the entry because the underlying
7   foreclosure was authorized should plaintiff have defaulted on her loans.

8   This court agree with defendants, and finds that plaintiff cannot assert a cause of action for
9   forcible entry because she not only failed to allege any acts of force, but also implicitly authorized
10  defendants to change her door locks. Plaintiff understood that if she defaulted on her loan, she
11  would face foreclosure. Thus, to the extent her forcible entry cause of action rests on the underlying
12  foreclosure, it must be dismissed.

13         10.    Twelfth Cause of Action: Forcible Detainer

14  To state a claim for forcible detainer a person must either be guilty of entering (1) by force,
15  or by menaces or threats of violence, unlawfully holds and keeps the possession of any real property,
16  whether the same was acquired peaceably or otherwise; or (2) who, in the nighttime, or during the
17  absence of the occupant of any real property, unlawfully enters thereon, and who, after demand made
18  for the surrender thereof, refuses for a period of 3 days to surrender the same to such former
19  occupant. NRS. § 40.240. The occupant of real property within the meaning of this subsection is one
20  who, within 5 days preceding such unlawful entry, was in the peaceable and undisturbed possession
21  of such lands. *Id.*

22  Plaintiff alleges a violation of NRS. § 40.240, even though plaintiff implicitly granted access
23  to defendants when she defaulted on the terms of her deed of trust, which specifically authorized the
24  sale of said property in the event that plaintiff failed to make mortgage payments. Therefore, plaintiff
25  cannot allege that defendant "unlawfully entered" or unlawfully held or kept possession of the
26  property. This court agrees with the defendants that the foreclosure of the property was authorized
27  by the plaintiff. As such, to the extent that this cause of action is based on the foreclosure sale, this

28

**James C. Mahan**
**U.S. District Judge**

- 8 -

claim is dismissed.

Furthermore, plaintiff fails to allege that she made any demand to defendants to rechange the locks and that defendants refused said demand for a period of three days.  These are essential elements of the tort of forcible detainer, and thus plaintiff's cause of action must fail.  *See* NRS § 40.240(2).

### 11. Fifteenth Cause of Action:  Trespass

As evidenced by the deed of trust, plaintiff consented to lender's power of sale in the event that plaintiff defaulted on the terms of his deed of trust.  According to the notice of default, Plaintiff breached her duty to make timely payments and the notice of trustee's sale shows that plaintiff did not cure such default.  Thus, during the course of the foreclosure sale, any entry made on said property was specifically authorized by the plaintiff.  Accordingly, the claim for relief for trespass is dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED THAT plaintiff's complaint is DISMISSED without prejudice.

DATED November 18, 2011.

_____
UNITED STATES DISTRICT JUDGE